# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| WENDY L. STACEY, | : | |
| Plaintiff, | : | |
| vs. | : | CA 10-0066-C |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Docs. 17 & 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the arguments of the parties at the September 9, 2010 hearing before the Magistrate Judge, it is determined that the Commissioner's

decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to chronic pain, fibromyalgia, major depressive disorder, and borderline intellectual functioning. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3. The claimant has the following severe impairments: major depressive disorder, hypertension, mild degenerative changes in the cervical spine, fibromyalgia, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant may only occasionally climb ramps, stairs, ladders or scaffolds, occasionally stoop or crouch, and frequently crawl, kneel, and balance. The claimant must avoid concentrated exposure to hazards such as machinery and heights. She is limited to unskilled work where she will be given short, simple instructions, and she must have only brief and superficial contact with the public.**
>
> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.
>
> . . .

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 17 & 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

As for the opinion evidence related to the claimant's physical impairments, great weight was given to the opinion of the State agency physician which was supported by the objective medical evidence and the opinions of Dr. Dempsey and Dr. Kidd which were also given great weight. (Exhibit B9F, B12F, and B6F). Less weight was given to the opinions of Dr. F.D. Salter and Dr. Robert D. Lightfoot, M.D., both general practitioners. (Exhibit B14F and Exhibit B11F). Dr. Salter provided a clinical assessment of pain and indicated that the claimant's pain would distract adequate performance of daily activities or work; however, this opinion is not supported by the medical evidence of record. (Exhibit B14F) Furthermore, Dr. Salter is a general practitioner and greater weight was given to the opinion of the orthopedic specialist at Exhibit B12F.

. . .

**6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

. . .

**7.     The claimant was born on June 19, 1963 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).**

**8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).**

. . .

If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-

Vocational Rule 202.21. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as light bench assembler with 7,600 jobs in Alabama and 925,000 nationally, light janitorial/housekeeper with 15,000 jobs in Alabama, and 1,100,000 jobs nationally, and non-postal mail clerk with 2,300 jobs in Alabama and 350,000 jobs nationally.

Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

**11.    The claimant has not been under a disability, as defined in the Social Security Act, from November 26, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 16, 19, 21-22, 22 & 23)  The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of

examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. Id. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that, within the framework of the grids, she can perform those light jobs identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

In this case, the plaintiff contends that the ALJ made the following errors: (1) she erred in according controlling weight to a non-acceptable, non-medical source over that of plaintiff's treating physician, Dr. F.D. Salter, with respect to plaintiff's physical impairments and limitations;[3] and (2) she erred in according more weight to the opinion

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

[3] In essence, it is plaintiff's contention that the ALJ improperly determined her residual functional capacity and, as a result, failed to satisfy the Commissioner's fifth-step burden.

of Dr. John Davis over that of Dr. Carolyn L. O'Brien regarding her mental impairments. (*See* Doc. 13) Because the undersigned agrees with the plaintiff that the ALJ improperly determined her RFC and did not meet the Commissioner's fifth-step burden of identifying jobs existing in significant numbers in the national economy that she is capable of performing, there is no need to address the other assignment of error raised by Stacey. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). Stated differently, the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

In attempting to establish plaintiff's physical residual functional capacity, the ALJ in this case inextricably tied her RFC finding to the physical residual functional capacity assessment completed by "Single Decision Maker" ("SDM") Phillip W. Lambert (*see* Tr. 301-308), a disability specialist with the Social Security Administration (*see, e.g.,* Tr. 282), who the ALJ mistakenly identified as a state-agency physician (Tr. 21). (*Compare*

Tr. 19, Finding No. 5 *with* Tr. 302-303 & 305) The ALJ's RFC finding (Tr. 19 ("**[T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[4] and 416.967(b) except the claimant may only occasionally climb ramps, stairs, ladders or scaffolds, occasionally stoop or crouch, and frequently crawl, kneel, and balance. The claimant must avoid concentrated exposure to hazards such as machinery and heights.**" (footnote added)) mirrors the RFC findings made by Lambert on July 9, 2008 (Tr. 302-303& 305 (findings that plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently, can stand and/or walk 6 hours in an 8-hour workday, can sit 6 hours in an 8-hour workday, can perform unlimited pushing and/or pulling of hand and/or foot controls, can occasionally climb ramps, stairs, ladders, ropes and scaffolds, can frequently balance, kneel, and crawl, can occasionally stoop and crouch, and should avoid concentrated exposure to hazards such as machinery and heights)) and it was this RFC upon which the ALJ based her hypotheticals to the vocational expert (*compare id. with* Tr. 42-43) and upon which the VE obviously based his answers (Tr. 42-43).

This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b) (2010). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

capacity assessment of a disability specialist, *see, e.g., Casey v. Astrue*, CA 07-0878-C, Doc. 21, at 10 n.3 (June 19, 2008), citing *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."); instead, this fifth-step burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician. Such an assessment particularly is warranted where, as here, the ALJ has rejected the only pain assessment in the record. The ALJ specifically rejected the pain assessment form completed by plaintiff's treating physician, Dr. Salter, same establishing Stacey's inability to perform any work (*see* Tr. 43-44 (vocational expert's testimony that "distracting pain would prevent work activity")). Having rejected Dr. Salter's pain assessment, the ALJ turned to and relied primarily upon the physical RFC assessment completed by disability specialist Phillip Lambert on July 9, 2008 (Tr. 301-308), to establish that plaintiff can perform the physical requirements of light work. As previously indicated, and as admitted by counsel for the Commissioner, the ALJ's reliance upon the assessment of a disability specialist was error.

    Contrary to the argument of the defendant, the undersigned finds that the ALJ's reliance upon the RFC assessment completed by Lambert was not harmless error. The defendant contends that in light of the fact that the ALJ noted that Lambert's assessment was "supported by the objective medical evidence and the opinions of Dr. Dempsey and Dr. Kidd" (Tr. 21) his reliance upon the disability specialist's RFC was harmless error. However, the Commissioner does nothing to show that the objective evidence of record

equates to the very specific RFC finding made by the ALJ, other than through the Lambert's RFC assessment, and if the opinions of Drs. Dempsey and Kidd support anything it is the pain assessment of Dr. Salter. Nowhere in the reports of Drs. Dempsey and Kidd do these physicians opine what physical capabilities plaintiff retains (*see* Tr. 277-278 & 323); instead, while neither physician made remarkable physical findings, Dr. Kidd prominently noted that Stacey had "[t]ender points pretty much all over the entire body," and diagnosed fibromyalgia (Tr. 278) and Dr. Dempsey's diagnostic impression was neck pain for which he prescribed Skelaxin[5] and Lortab 7.5[6] (Tr. 323). Accordingly, the ALJ's reliance upon the RFC of a disability specialist to make her own RFC assessment was not harmless error; instead, it is error that need be corrected on remand.

In addition, on remand the ALJ need recognize that "at bottom" this is a pain case and should take particular note of same when questioning the vocational expert ("VE"). Even assuming the correctness of the ALJ's determination that plaintiff's pain is not disabling in and of itself, the evidence of record overwhelmingly establishes that Stacey's primary limiting impairment is her chronic pain stemming from fibromyalgia (*see, e.g.*, Tr. 258-270, 277-278, 311-316, 319-320, 323 & 342-343). Accordingly, it is incumbent upon the ALJ to quantify such pain, based upon the evidence of record, and pose questions to a VE about the impact of such impairment and the limitations attributable to

---

     [5]    Skelaxin "is indicated as an adjunct to rest, physical therapy, and other measures for the relief of discomforts associated with acute, painful musculoskeletal conditions." PHYSICIAN'S DESK REFERENCE 788 (50th ed. 1996).

     [6]    Lortab is "indicated for the relief of moderate to moderately severe pain." PDR, at 2567.

that impairment, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see Phillips v. Barnhart*, 357 F.3d 1232, 1242 n.11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all other physical limitations that are not included in the seven strength demands.") upon plaintiff's ability to perform the physical and mental requirements of other work in the national economy.[7]

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 20th day of September, 2010.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

[7] While it is true that the ALJ included Dr. Salter's pain assessment findings in the one hypothetical posed to the VE (*see* Tr. 43-44), the ALJ included no reference to pain in the other hypothetical posed to the VE (*see* Tr. 42-43), the answer to which the ALJ relied upon in finding that plaintiff can perform other work in the national economy (*compare* Tr. 43 *with* Tr. 23).